UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KAREEM JOHNSON #105117 | CIVIL ACTION NO. 21-cv-4052 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIMOTHY WILSON ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Kareem Johnson ("Plaintiff"), who is self-represented, filed this civil action against Enterprise Leasing Company, Timothy Wilson, Cleveland Love, and Archie Salery. The complaint is not clear, but it appears that each of the individual defendants are alleged to be Enterprise employees. Plaintiff complains that he was arrested in connection with automobile leasing transactions, and he invokes the ADEA. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

**The Allegations**

Plaintiff alleges in his complaint that he and his spouse purchased a 2020 Chevrolet Silverado from Enterprise Leasing Company. He alleges that assistant manager Archie Salery and another Enterprise employee (who is not named a defendant) "committed fraud by changing all paperwork involved" with the truck while Plaintiff was incarcerated at Caddo Correctional Center. Complaint, ¶¶ 1-2. Plaintiff next alleges that a Ford F-150 was rented "through my insurance company" from Enterprise Rental while an investigation for theft was being conducted regarding the 2020 Silverado. ¶ 3. Apparently related to

this investigation, Plaintiff was "pulled out of Chase bank by officer Angela Harper" several weeks later.  ¶ 4.

Plaintiff alleges that, about four days after his encounter with Officer Harper, he was called by Enterprise Rental to pick up an F-250 in replacement of the F-150 that was taken from him.  Plaintiff was waiting inside Enterprise and working on his laptop when he was approached by police officers Strawn and Peele.  The officers first told Plaintiff that he was not under arrest but would receive a citation.  One officer then stated that a detective wanted Plaintiff to be detained for questioning.  Plaintiff alleges that he was never questioned.  Instead, he was booked into Shreveport City Jail on charges of trespassing, simple assault, and failure to return a leased vehicle.  ¶5.  Plaintiff asks the court to order the defendants to pay for his lost wages, defamation of character, attorney's fees, and costs. He demands trial by jury.

**Analysis**

### A. Authority to Review for Jurisdiction

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999). The court may act on its own motion; the objections period that follows this recommendation satisfies the requirement that Plaintiff be afforded notice and an

opportunity to be heard on the jurisdictional issue prior to dismissal. See Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), cert. denied, 139 S. Ct. 1200 (2019).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

### B. Diversity Jurisdiction

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Bynane v. Bank of New York Mellon, 866 F.3d 351, 355 (5th Cir. 2017). The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction. Id.

Plaintiff does not specifically invoke diversity jurisdiction in his complaint, and the facts alleged suggest that Plaintiff and all defendants are Louisiana citizens. Plaintiff squarely alleges that he is a citizen of Louisiana, and he also alleges that each of the individual defendants are citizens of Louisiana. Accordingly, there is no factual basis for the exercise of diversity jurisdiction under Section 1332.

### C. Federal Question Jurisdiction

The other basis for jurisdiction typically invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the

well-pleaded complaint rule.  It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint.  Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008).  Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable.  That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous.  In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff alleges in paragraph three of his complaint: "This court has jurisdiction over this civil action because the plaintiff's claim arise (sic) under federal law, the Age Discrimination in Employment Act."  The ADEA prohibits an *employer* from discharging an individual or otherwise discriminating against him with respect to his compensation, terms, conditions, or privileges of employment because of the individual's age.  29 U.S.C. § 623(a)(1).  To prevail on an ADEA claim, a Plaintiff must ultimately prove that age was a cause of a challenged employer decision.  Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010).

Plaintiff's sole mention of the ADEA is in the quoted paragraph three.  The complaint does not include any allegation that Plaintiff was employed by Enterprise or any other defendant or that he was discriminated against by them in connection with his employment based on his age.  Any claim asserted under the ADEA is wholly insubstantial and frivolous.  Plaintiff has not alleged a colorable ADEA claim, so his reference to the federal act is not sufficient to give rise to subject matter jurisdiction.

Plaintiff has not invoked 42 U.S.C. § 1983, but it is a common basis for claims asserted by self-represented plaintiffs who believe their federally protected rights have been violated. Even if Plaintiff had invoked the statute, his complaint does not allege a colorable claim under the statute. The complaint suggests that all defendants are private citizens rather than government officials or some other form of state actor, so no Section 1983 could lie against them. See West v. Atkins, 108 S.Ct. 2250 (1988); Whitley v. Hannah, 726 F.3d 631, 638 (5th Cir. 2013) (Section 1983 claim may be asserted only when the alleged deprivation of federal rights was committed by a person acting under color of state law). Accordingly, Plaintiff has not established a basis for federal question jurisdiction under Section 1331.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow Louisiana citizens, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2021.



Mark L. Hornsby
U.S. Magistrate Judge